IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ETHAN TROKA                                                                PLAINTIFF
ADC #178058

v.                          Case No. 3:24-cv-00082-KGB-JJV

PATRICK MCCOWN, *et al.*                                                    DEFENDANTS

<u>ORDER</u>

Before the Court are the Proposed Findings and Recommendations ("Recommendations")

submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 8).  Plaintiff Ethan

Troka has filed objections to the Recommendations (Dkt. No. 11).  After careful consideration of

the Recommendations, the objections, and a *de novo* review of the record, the Court concludes that

the Recommendations should be, and hereby are, approved and adopted as set forth in this Order

(Dkt. No. 8).

I.      **Background**

Mr. Troka, who is in custody at the North Central Unit ("NCU") of the Arkansas Division

of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2).  Mr.

Troka sued the North Central Unit Chapel ("North Central Chapel"), the North Central Unit

Chaplain Patrick McCown, and six inmates, Jeffery Batson, Alan W. West, Waylon Coker,

Matthew Kyle Bain, Christopher Powell, and Victor Wilmouth, who Mr. Troka asserts are state

actors as a result of their alleged employment in the North Central Unit's Principles and

Application for Life Skills ("PAL") Program (Dkt. No. 2).  Mr. Troka sued all inmate defendants

in their official capacity only and sued Mr. McCown and the North Central Chapel in both their

official and personal capacities (Dkt. No. 2, at 3).[1]  Mr. Troka's claims result from his removal from the PAL Program (Dkt. No. 2).

## II.    Screening The Complaint

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[1]  The Court declines to adopt the portion of Judge Kearney's Recommendations stating that Mr. Troka sued defendants in their personal and official capacities (Dkt. No. 8, at 3). According to the complaint, Mr. Troka sues Mr. Batson, Mr. West, Mr. Coker, Mr. Bain, Mr. Powell, and Mr. Wilmoth in their official capacities only and sues Chaplain McCown and North Central Chapel in both their official and personal capacities (Dkt. No. 2, at 3).

III.    **Analysis**

Mr. Troka does not object, or saves for a later time any objection, to Judge Kearney's Recommendations with respect to the dismissal of North Central Unit Chapel as a defendant and to the dismissal of claims nine and 12 (Dkt. No. 11, at 18).  Mr. Troka asserts that "all other claims should be served on all other Defendants, as written, in both personal and individual capacities" (*Id.*).  The Court writes separately to address Mr. Troka's objections (Dkt. No. 11).

A.    **Eleventh Amendment Immunity**

Mr. Troka argues that Eleventh Amendment immunity does not apply to bar his official capacity claims for damages against defendants because this case falls outside the scope of the Eleventh Amendment (Dkt. No. 11, at 4–5).  The Court has reviewed the complaint and Mr. Troka's objections.  Mr. Troka's suit for damages against defendants in their official capacities fails because it is equivalent to a suit against the state of Arkansas and is barred by the Eleventh Amendment.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Mr. Troka asserts that defendants are liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and *Los Angeles County, California v. Humphries, et al.*, 562 U.S. 29 (2010).  *Monell* and *Humphries* analyzed when municipalities may be held liable under 42 U.S.C. § 1983, and the cases are not applicable here.  *Monell* 436 U.S. at 690–91; *Humphries*, 562 U.S. at 36–39.  The Court overrules Mr. Troka's objections on this basis.

B.    **Criminal Conduct – Theft Of Property**

Mr. Troka objects to Judge Kearney's Recommendations that the Court dismiss his first three claims asserting criminal conduct including a claim of a violation of 18 U.S.C. §§ 1961 and 1962 of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and a claim of theft of personal property in violation of Arkansas Code Annotated § 5-36-103.  According to Mr. Troka,

3

these are not claims of criminal conduct but are a civil RICO claim and a claim that his property was "reduced in value/quantity" (Dkt. No. 11, at 7).

To state a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must show: "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) [that] defendant's actions constitute a pattern of racketeering." *United Healthcare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 571 (8th Cir. 1996). Additionally, for civil liability, a plaintiff must demonstrate an injury caused by the defendant's RICO violation. *Id.* Mr. Troka asserts that Chaplain McCown's "cult members" engaged in "conduct constituting racketeering" under 18 U.S.C. §§ 1961 and 1962, by stealing "about $8,250.00" worth of property "for their own personal gain" and "causing the Plaintiff's property to be reduced in value/quantity." (Dkt. No. 2, at 34). Based on the allegation in the complaint, Mr. Troka has not provided sufficient facts or information to support a RICO claim.

Specifically, Mr. Troka has not asserted a pattern of racketeering. In order "to prove a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008) (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 239 (1989)). In this context, continuity refers "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* (quoting *H.J. Inc.*, 492 U.S. at 241). Mr. Troka has not shown a pattern of past conduct or a threat of future repetition in order to state a claim for civil racketeering. *Id.*

Further, Mr. Troka's claim three for theft of property under Arkansas Code Annotated § 5-36-103 is a claim that asserts criminal conduct and is outside of this Court's jurisdiction as set

forth in Judge Kearney's Recommendations. Mr. Troka asserts that claim two, which also asserts theft of property, is a Fourteenth Amendment Due Process claim. Judge Kearney recognized Mr. Troka's Fourteenth Amendment Due Process claim and appropriately recommended dismissal of the claim (Dkt. No. 8, at 4–5). *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). The Court overrules Mr. Troka's objections related to his criminal conduct claims.

### C.    Alleged False Disciplinary

In his Recommendations, Judge Kearney determines that in claim seven of his complaint Mr. Troka asserts that Chaplain McCown included false information in a disciplinary against him (Dkt. No. 8, at 5). Judge Kearney recommends dismissal of the claim (*Id.*).

In his objections, Mr. Troka clarifies that he has never been written a disciplinary by anyone. According to Mr. Troka, in claim seven he asserts a fraud claim that goes "hand in hand with claim 6" which is his defamation claim (Dkt. No. 11, at 10–11). Mr. Troka contends that Chaplain McCown "lied to the Unit Warden" in response to Grievance # NC-24-00066 (Dkt. No. 2, at 38). To establish a claim under 42 U.S.C. § 1983, a plaintiff must show a deprivation, under color of law, of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Inmates do not have a constitutionally protected right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Accordingly, Chaplain McCown's failure to respond properly to a grievance does not compromise Mr. Troka's constitutional rights in order to state a plausible claim for relief under § 1983. Consequently reading the complaint as suggested by Mr. Troka in his objections in the light most favorable to

Mr. Troka, the Court must still adopt Judge Kearney's Recommendations to dismiss claim seven of the complaint.

### D.    Religious Liberty

In Claims 11, 16, and 17 of his complaint, Mr. Troka asserts that Chaplain McCown violated his right to exercise freely his religion under the First Amendment when he was removed from the PAL Program (Dkt. No. 8, at 6–7). Judge Kearney recommends dismissal of the claims because Mr. Troka did not assert a sincerely held religious belief and did not demonstrate that he was restricted from practicing his religion outside the PAL Program (*Id.*). Upon a *de novo* review of the record, including the Recommendations and Mr. Troka's objections, the Court finds that Mr. Troka's objections break no new ground and fail to rebut the Recommendations (Dkt. Nos. 8, 11). The Court overrules Mr. Troka's objections.

### E.    Retaliation

Mr. Troka points out in his objections that, in his complaint, he raises a conspiracy to retaliate claim, a conspiracy claim, and a retaliation claim (Dkt. No. 11, at 13–14). Judge Kearney determines in his Recommendations that Mr. Troka has alleged insufficient facts to state a claim for conspiracy and recommends denial of both the conspiracy to retaliate and conspiracy claims (Dkt. No. 8, at 8–9). Judge Kearney also asserts that Mr. Troka does not state that he engaged in protected activity in order to state a claim for retaliation (Dkt. No. 8, at 9).

As to the conspiracy claims, upon a *de novo* review of the record, including the Recommendations and Mr. Troka's objections, the Court determines that Mr. Troka has not asserted sufficient facts to allege conspiracy. Mr. Troka's objections break no new ground and fail to rebut the Recommendations.

Further, Mr. Troka has not asserted sufficient facts to support a claim for retaliation.  Mr. Troka states in his objections that his petition for a parole hearing was a protected activity (Dkt. No. 11, at 15).  Mr. Troka states in his objections that, after he was granted parole, Chaplain McCown moved him out of the PAL Program, "a religious organization," and denied him the "ability to enjoy the benefit[s] of said Program" (*Id.*).  Mr. Troka asserts that the adverse action of Chaplain McCown moving Mr. Troka out of the PAL Program was motivated "at least in part" by the exercise of Mr. Troka's protected activity of petitioning for a parole hearing and being granted parole (*Id.*).  The problem with Mr. Troka's retaliation claim is that Chaplain McCown only temporarily removed Mr. Troka from the PAL Program after Mr. Troka's being granted parole. Mr. Troka asserts in his complaint that he was returned to the PAL Program after being granted parole (Dkt. No. 2, at 25).  Mr. Troka has not asserted sufficient facts in the complaint to state a plausible retaliation claim against Chaplain McCown because temporary removal from the PAL Program for applying for and being granted parole would not chill a person of ordinary firmness from continuing the activity.  The Court overrules Mr. Troka's objections.

### F.    Improperly Joined Defendants

In his objections, Mr. Troka asserts that Judge Kearney improperly asserts that the individual defendants are improperly joined (Dkt. No. 11, at 16).  According to Mr. Troka, his complaint states how all defendants are involved in the claims, and he contends that defendants acted under color of law (*Id.*).  Mr. Troka maintains that all of the individual defendants should be served (*Id.*).

Even if Mr. Troka is correct that all of the inmate defendants acted under color of law and that he stated sufficient claims involving the inmate defendants, Mr. Troka only sued the inmate defendants in their official capacities, and as discussed above official capacity damages claims

against defendants acting under color of law are barred by the Eleventh Amendment. The only defendant named in both his personal and official capacity is Chaplain McCown. Mr. Troka asserts claims for declaratory and injunctive relief, but the inmate defendants cannot grant Mr. Troka the type of relief he requests such as giving him graduating status from the PAL program, changing ADC policies, and terminating Chaplain McCown (Dkt. No. 2, at 53–54). Mr. Troka may pursue his claims for damages as well as injunctive and declaratory relief against Chaplain McCown.

Accordingly, the Court overrules Mr. Troka's objections.

## IV.    Conclusion

The Court adopts the Recommendations as set forth in this Order and rules as follows:

1.    The following claims are dismissed for the reasons set forth in this Order:

    a.    claims against the North Central Chapel;

    b.    claims against Mr. Batson, Mr. West, Mr. Coker, Mr. Bain, Mr. Powell, and Mr. Wilmoth;

    c.    official capacity damages claims as to Chaplain McCown;

    d.    claims alleging theft of property under Arkansas Code Annotated § 5-36-103;

    e.    claims of theft of personal property;

    f.    civil RICO claims;

    g.    claims of false disciplinaries;

    h.    deliberate indifference claims in connection with bed changes;

    i.    religion-based claims;

    j.    conspiracy claims; and

    k.    retaliation claims.

2.    The following claims should be served against Chaplain McCown:

    a.    violation of right to privacy related to the viewing of his prison files (claims 4 and 5);

    b.    defamation (claims 6 and 7);

    c.    due process related to Mr. Troka's removal from the PAL Program without notice or opportunity to be heard (claims 8, 10, 11, 23, and 19);

    d.    equal protection (claims 13 and 24);

    e.    breach of contract (claim 18);

    f.    disability-based discrimination (claims 14 and 15); and

    g.    deliberate indifference related to other inmates having positions of authority over Mr. Troka (claims 22, 25, and 26).

3.    The Clerk is directed to terminate North Central Unit Chapel, Mr. Batson, Mr. West, Mr. Coker, Mr. Bain, Mr. Powell, and Mr. Wilmoth as defendants in this action.

So ordered, this 4th day of February, 2025.

Kristine G. Baker
Chief United States District Judge