IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ETHAN TROKA**  **PLAINTIFF**
ADC #178058

v.  Case No. 3:24-cv-00082-KGB-JTK

**PATRICK MCCOWN**, *et al.*  **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney on November 26, 2024 ("the November Recommendations") addressing defendant Patrick McCown's[1] motion to dismiss (Dkt. No. 28) and the Proposed Findings and Recommendations submitted by Judge Kearney on December 9, 2024 ("the December Recommendations") addressing plaintiff Ethan Troka's motion for sanctions, temporary restraining order, and for preliminary injunction (Dkt. No. 30). Mr. McCown has filed objections to the November Recommendations (Dkt. No. 31). Mr. Troka has filed objections to the December Recommendations (Dkt. No. 32). After careful consideration of the November Recommendations and the December Recommendations, the objections, and a *de novo* review of the record, the Court determines for the following reasons that the November Recommendations should be, and hereby are, approved and adopted, in part, as set forth in this Order (Dkt. No. 28). After careful consideration of the December Recommendations the Court determines that the December Recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects (Dkt. No. 30).

---

[1] Mr. McCown was formerly the chaplain of the North Central Unit of the Arkansas Division of Correction, but he has now retired (Dkt. No. 31, n. 1).

I.  **Background**

Mr. Troka, who is in custody at the North Central Unit ("NCU") of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). After screening the complaint, the Court ordered the following claims served on Mr. McCown:

- a. violation of right to privacy related to the viewing of Mr. Troka's prison files (claims 4 and 5);
- b. defamation (claims 6 and 7);
- c. due process related to Mr. Troka's removal from the NCU's Principles and Application for Life Skills ("PAL") Program without notice or opportunity to be heard (claims 8, 10, 11, 23, and 19);
- d. equal protection (claims 13 and 24);
- e. breach of contract (claim 18);
- f. disability-based discrimination (claims 14 and 15);
- g. deliberate indifference related to other inmates having positions of authority over Mr. Troka (claims 22, 25, and 26).

(Dkt. No. 6).

The Court dismissed claims against defendants NCU Chapel, Jeffery Batson, Alan W. West, Waylon Coker, Matthew Kyle Bain, Christopher Powell, and Victor Wilmouth as well as official capacity damages claims as to Mr. McCown (Dkt. No. 37). All of Mr. Troka's remaining claims result from his removal from the PAL Program (Dkt. No. 2).

After receiving Judge Kearney's Proposed Findings and Recommendations screening the complaint, Mr. McCown filed a motion to dismiss the complaint (Dkt. No. 12). In response to Mr. McCown's motion to dismiss, Mr. Troka filed a motion for judgment of default/motion to

strike/motion objecting to defendant's motion to dismiss (Dkt. No. 23).  Mr. McCown filed a reply to Mr. Troka's motion for judgment of default, motion to strike, and reply to motion to dismiss (Dkt. No. 27).  Judge Kearney issued his November Recommendations recommending that the Court deny Mr. McCown's motion to dismiss and that the Court deny Mr. Troka's motion for default judgment as well as his request to strike Mr. McCown's motion to dismiss, motion for recusal, and motion for service that were embedded in Mr. Troka's response to the motion to dismiss (Dkt. No. 28).  Mr. McCown filed objections to Judge Kearney's November Recommendations (Dkt. No. 31).  Mr. Troka filed a reply to Mr. McCown's objections to Judge Kearney's November Recommendations (Dkt. No. 33).

Also pending before the Court is Mr. Troka's motion for sanction, motion for temporary restraining order, and motion for preliminary injunction (Dkt. No. 29).  Judge Kearney issued his December Recommendations recommending that the Court deny Mr. Troka's motion for sanction, temporary restraining order, and motion for preliminary injunction (Dkt. No. 30).  Mr. Troka filed objections to Judge Kearney's December Recommendations (Dkt. No. 32).

## II. November Recommendations Addressing Mr. McCown's Motion To Dismiss And Other Matters Raised By Mr. Troka

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations" to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the "[f]actual allegations must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    **B.**    **Analysis**

        **1.**    **Violation Of Privacy Claims**

In the November Recommendations, Judge Kearney determined that Mr. McCown's motion to dismiss Mr. Troka's violation of privacy claims should be denied (Dkt. No. 28, at 4). In the complaint, Mr. Troka claims that Mr. McCown gave another inmate, Mr. West, the authority to view his "institutional records." (Dkt. No. 2, at 36). Mr. McCown argued in his motion to dismiss that the Court should dismiss Mr. Troka's violation of privacy claim because respondeat

superior does not apply in § 1983 cases and because Mr. Troka's claim was conclusory and did not allege sufficiently that McCown was personally involved to establish liability (Dkt. No. 28, at 4). Based on Mr. McCown's arguments, Judge Kearney recommended that Mr. Troka could seek further details in discovery, and he recommended that the Court permit Mr. Troka to pursue his privacy claims against Mr. McCown at this stage in the proceedings (Dkt. No. 28, at 4).

In his objections, Mr. McCown argues for the first time that Mr. Troka does not have a constitutional privacy right in his "institutional records," based on *Jensen v. Satran*, 633 F. Supp. 1187, 1191 (D. N.D.), *aff'd*, 808 F.2d 840 (8th Cir. 1986), and Mr. McCown argues that by "institutional records" Mr. Troka really was referencing his disciplinary records (Dkt. No. 31, at 2). Mr. Troka objects that his violation of privacy claims are not based on other inmates reviewing his disciplinary records but instead that his violation of privacy claims are based on other inmates having access to his entire institutional record (Dkt. No. 33, at 3). Mr. Troka argues that this is a threat to his security and a privacy violation (*Id.*).

The Court has reviewed Mr. Troka's complaint and agrees that Mr. Troka's privacy claims are that Mr. McCown gave inmates access to his institutional record (Dkt. No. 2, at 36). The Court has also considered Mr. McCown's argument that Mr. Troka does not have a constitutional privacy right in his institutional record and agrees that, based on *Jenson*, Mr. Troka does not have such a constitutionally protected privacy right. *See Jensen,* 633 F. Supp. at 1191 (determining in case where the inmate challenged institutional records being shared with outside volunteers that inmate did not have a "constitutional right to privacy in his prison record."); *see also Ferguson v. Dier-Zimmel*, 809 F. Supp. 668, 670 (E.D. Wis. 1992) (determining that inmate had no constitutional privacy right in his prison records). Accordingly, the Court declines to adopt Judge Kearney's November Recommendations as they relate to Mr. McCown's motion to dismiss Mr. Troka's

5

privacy claims (claims 4 and 5).  The Court grants Mr. McCown's motion to dismiss Mr. Troka's privacy claims related to his institutional record (claims 4 and 5).

### 2. Defamation Claims

Judge Kearney's November Recommendations recommend denying Mr. McCown's motion to dismiss Mr. Troka's defamation claim.  Mr. McCown objects arguing that the Court should dismiss Mr. Troka's defamation claim because it is not actionable under 42 U.S.C. § 1983 and because Mr. McCown contends that the Court cannot treat Mr. Troka's defamation claim as a state-law claim and exercise supplemental jurisdiction over the claim under 28 U.S.C. § 1367 (Dkt. No. 31, at 3).  Mr. Troka responds that the Court has jurisdiction over both state and federal claims under 28 U.S.C. §§ 1367 and 1376, and he asserted jurisdiction under 28 U.S.C. §§ 1331 and 1343 in his complaint (Dkt. No. 33, at 4).  Mr. Troka contends that the Court has discretion to exercise jurisdiction under 28 U.S.C. § 1367, and the Court determines that, at this stage of the proceedings, it will assume supplemental jurisdiction over Mr. Troka's state law defamation claim under 28 U.S.C. § 1367.  Accordingly, the Court overrules Mr. McCown's objections as to this claim.

### 3. Due Process Regarding Removal From The PAL Program

Judge Kearney determined in his November Recommendations that he is unable to determine based on the record before the Court at this time whether the PAL Program is discretionary in order to determine whether there is a protected liberty interest in participation.  In his objections, Mr. McCown states that he intends to supplement the record to demonstrate the discretionary nature of the program (Dkt. No. 31, at 4).  Mr. McCown has not established the discretionary nature of the program at this stage in the proceedings.  Accordingly, the Court overrules Mr. McCown's objections as to this claim.

### 4. Equal Protection Claims

Judge Kearney recommended that this Court find that Mr. Troka alleged sufficient facts to establish that he was treated differently than other PAL Program participants based on his disability and recommended that this Court permit Mr. Troka to proceed on his equal protection claim (Dkt. No. 28, at 6). In his complaint, Mr. Troka asserted that Mr. McCown discriminated against him due to his disability in dismissing him from the PAL Program. Mr. Troka asserts a diagnosed mental disability, that renders him distinguishable from other inmates, including poor organization skills and difficulty engaging with others (Dkt. No. 2, at 10-11). Mr. Troka contends that Mr. McCown knew that he was disabled (*Id.*, at 11). Mr. Troka asserts that he was treated differently because of his disability as compared with others (*Id.*). Mr. McCown's argument that Mr. Troka's equal protection claim requires additional evidence at this stage lacks merit, and the Court overrules Mr. McCown's objection as to this claim (Dkt. No. 31, at 4).

### 5. Breach Of Contract Claim

In his November Recommendations, Judge Kearney determined that, construing Mr. Troka's complaint liberally as he must, Mr. Troka had stated a state law breach of contract claim (Dkt. No. 28, at 6-7). In his objections, Mr. McCown reiterates the argument made in his motion to dismiss, that a breach of contract claim is not actionable under § 1983 and that the Court cannot exercise supplemental jurisdiction over the claim (Dkt. No. 31, at 4). For the reasons stated earlier in this Order, the Court will read Mr. Troka's claim liberally and assume supplemental jurisdiction over Mr. Troka's state law breach of contract claim. The Court overrules Mr. McCown's objections (Dkt. No. 31, at 4-5).

### 6. Disability-Based Discrimination Claims

Judge Kearney determined in his November Recommendations that Mr. Troka had sufficiently raised a claim under Title II of the Americans with Disabilities Act at this stage in the proceedings ("ADA"). Mr. McCown raises an objection similar to the argument that he made in his motion to dismiss that Mr. Troka has failed to allege sufficient facts to establish that he is a qualified individual with a disability (*See* Dkt. Nos. 13, at 11; 31, at 5). Further, citing a summary judgment case and a case where the Court was determining damages following a bench trial, Mr. McCown now argues that Mr. Troka has not alleged sufficient facts to prove discriminatory intent (*See* Dkt. No. 31, at 5). For the reasons stated in Judge Kearney's November Recommendations, this Court concludes that Mr. Troka has asserted sufficient facts at this stage in the proceedings to state a claim for disability-based discrimination under the liberal pleading standard because he asserted that he was a qualified individual with a disability that prevented him from being organized and tidy, that Mr. McCown knew of Mr. Troka's disability, and that Mr. McCown removed him from the PAL Program because he was not "organized and inspection ready" (Dkt. No. 28, at 8). The Court overrules Mr. McCown's objections related to Mr. Troka's disability-based discrimination claim.

### 7. Deliberate Indifference Claims – Inmates In Positions Of Authority

In his November Recommendations, Judge Kearney found that Mr. Troka sufficiently alleged a deliberate indifference claim related to other inmates being in positions of authority over him (Dkt. No. 28, at 8-9). Mr. McCown objects that the November Recommendations suggest that Mr. Troka may develop details of the claim during discovery (Dkt. No. 31, at 5). Mr. McCown maintains that Mr. Troka does not allege that he faces a substantial risk of serious harm from other inmates (Dkt. No. 31, at 5). Mr. Troka asserts that there is enough case law showing that there are

dangers and threats to security when inmates are in positions of authority over others and that Mr. McCown's motion lacks merit (Dkt. No. 33, at 8-9).

The Court observes that in the complaint Mr. Troka asserts that Mr. McCown does not second guess the control of the other inmates who have been placed in positions of authority over the PAL Program barracks; that the other inmates have total control; that Mr. McCown routinely accepts the allegations in disciplinary matters written by the other inmates as true without question or investigation; and that if Mr. Troka or other PAL Program participants question the other inmates, Mr. McCown threatens the PAL Program participant with removal from the state-sponsored religious program (Dkt. No. 2, at 51). Based on all the facts asserted by Mr. Troka in his complaint, the Court overrules Mr. McCown's objections related to Mr. Troka's deliberate indifference claim regarding other inmates being in positions of authority within the PAL Program.

### 8. Other Matters Raised In Mr. Troka's Response To The Motion To Dismiss

#### a. Default Judgment And Request To Strike

Mr. Troka believes that he is entitled to default judgment because Mr. McCown did not file a timely responsive pleading (Dkt. No. 23-1). Judge Kearney addressed this in his November Recommendations and clarified that Mr. McCown filed his motion to dismiss timely (Dkt. No. 28, 9). Mr. Troka does not object to this portion of the November Recommendations. The Court agrees and adopts in its entirety Judge Kearney's denial of Mr. Troka's motion for default judgement (*Id.*).

Mr. Troka also seeks to strike Mr. McCown's motion under Federal Rule of Civil Procedure 12(b)(6) claiming that the motion was untimely, but as Judge Kearney points out there is no basis on which the Court may strike Mr. McCown' motion to dismiss because the motion

was timely filed. Accordingly, the Court adopts in its entirety Judge Kearney's recommendation, and denies Mr. Troka's motion to strike (Dkt. No. 28, at 9).

### b. Motion For Recusal

Mr. Troka requests that Judge Kearney recuse himself from the case (Dkt. No. 23-1, at 10). Judge Kearney determines that there is no indication that he cannot be impartial and recommends that the Court deny Mr. Troka's request that he recuse himself (Dkt. No. 28, at 9-10). The Court is not aware of any reasons why Judge Kearney cannot be impartial in this case and adopts in its entirety Judge Kearney's recommendation and denies Mr. Troka's motion for recusal (Dkt. No. 28, at 9-10).

### c. Motion For Service

The Court addressed service in its prior orders by serving Mr. McCown (Dkt. No. 6) and by adopting Judge Kearney's Proposed Findings and Recommendations dismissing the other defendants in this case so that service on these defendants is not proper (Dkt. No. 37). Accordingly, the Court adopts in its entirety Judge Kearney's recommendation regarding service and denies Mr. Troka's motion for service (Dkt. No. 28, at 10).

### III. December Recommendations On Mr. Troka's Motion For Sanctions, Temporary Restraining Order, And Preliminary Injunction

In his December Recommendations, Judge Kearney addresses Mr. Troka's motion for sanctions, motion for temporary restraining order, and motion for preliminary injunction, which are all based on new claims brought by Mr. Troka claiming that he is being retaliated against by medical personnel for filing this lawsuit (Dkt. No. 30, at 3). Judge Kearney explains in the December Recommendation that Mr. Troka asserts that various medical providers, who are not parties to this lawsuit, denied Mr. Troka adequate care for serious medical conditions that cause him extreme back pain, among other things (*Id*., at 3). Judge Kearney points out that, for relief,

10

Mr. Troka asks the Court to sanction the new medical defendants and to restrain the medical defendants from continuing their retaliatory conduct (*Id.*, at 3-4). Additionally, Mr. Troka requests that the Court issue a preliminary and permanent injunction ordering that the retaliation stop (*Id.*, at 4). Judge Kearney observes that all of these claims lie outside the scope of Mr. Troka's claims raised in his complaint in this case related to the PAL Program and that the medical providers are not named defendants in this lawsuit (*Id.*). Judge Kearney suggests that Mr. Troka may file a new lawsuit to pursue his claims against the medical defendants, if Mr. Troka wishes to do so (*Id.*).

Mr. Troka objects to Judge Kearney's December Recommendations and argues that he is unable to file a new lawsuit and pursue his claims because "WELLPATH has recently filed for Chapter 11 bankruptcy." (Dkt. No. 32, at 3). In his objections, Mr. Troka also updates the Court regarding his medical condition and admits that medical providers have taken care of several of his medical needs (Dkt. No. 32, at 3-5).

The Court is aware of Wellpath LLC's bankruptcy filing but that does not render Mr. Troka's medical claims, which arose after the filing of his complaint and which are unrelated to the events described in the complaint, appropriate for this case. Nothing raised in Mr. Troka's objections states an appropriate ground for granting Mr. Troka a temporary restraining order, a preliminary injunction, or sanctions against the medical defendants who are not parties in this lawsuit.

Upon a *de novo* review of the record, including the December Recommendations, the Court finds that Mr. Troka's objections break no new ground and fail to rebut the December Recommendations. Thus, the Court agrees with the December Recommendations and adopts them as the Court's findings in their entirety (Dkt. No. 4).

**IV.     Conclusion**

The Court rules as follows:

1. The Court adopts, in part, and declines to adopt, in part, the November Recommendations as set forth in this Order (Dkt. No. 28).

2. The Court grants Mr. McCown's motion to dismiss Mr. Troka's privacy claim related to his "institutional records" (claims 4 and 5) and denies Mr. McCown's motion to dismiss Mr. Troka's defamation, due process, equal protection, breach of contract, disability-based discrimination, and deliberate indifference claims as set forth in this Order.

3. The Court denies Mr. Troka's motion for default judgment (Dkt. No. 23-1, at 1-6).

4. The Court denies Mr. Troka's request to strike Mr. McCown's motion to dismiss on the ground that the responsive pleading was not timely filed (Dkt. No. 23-1, at 5-6).

5. The Court denies Mr. Troka's motion for recusal (Dkt. No. 23-1, at 6-7).

6. The Court denies Mr. Troka's motion for service (Dkt. No. 23-1, at 20-21)

7. The Court adopts the December Recommendations in their entirety as this Courts findings in all respects (Dkt. No. 30). The Court denies Mr. Troka's motion for sanctions, motion for temporary restraining order, and motion for preliminary injunction (Dkt. No. 29).

8. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the portion of this Order adopting Judge Kearney's December Recommendations would not be taken in good faith.

So ordered, this 10th day of March, 2025.

*Kristine G. Baker*
_____
Kristine G. Baker
Chief United States District Judge